91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott R. SERFLING, Defendant-Appellant.
 No. 95-3736.
 United States Court of Appeals, Seventh Circuit.
 Argued May 13, 1996.
Decided July 15, 1996.
 
 Before COFFEY, MANION and ROVNER, Circuit Judges.
 
 ORDER
 I. Background
 
 1
 Scott Serfling swindled four investors out of more than $425,000 by representing himself as a successful trader and then converting his clients' money rather than investing it in the commodities market. He was eventually caught and indicted on six counts: Counts One, Three, Five, and Six alleged fraud in violation of 18 U.S.C. §§ 2314, 1343, and 1341 stemming from Serfling's scheme. Counts Two and Four charged Serfling with converting monies received in connection with commodity futures trading in violation of 7 U.S.C. § 13(a). Serfling pleaded not guilty, but following a jury trial was convicted on all counts. At sentencing the district court calculated Serfling's sentencing range at 37 to 46 months based on his base offense level and a two-level upward adjustment for abuse of trust under U.S.S.G. § 3B1.3, along with a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. The district court sentenced Serfling to imprisonment at the low end of the range--37 months. The court also imposed two years of supervised release and ordered restitution in the amount of $425,850.99.
 
 II. Analysis
 
 2
 On appeal, Serfling contends that the district court erred by enhancing his sentence for abuse of trust and obstruction of justice.
 
 A. Abuse of Trust
 
 3
 In sentencing Serfling, the district court imposed a two-level enhancement for abuse of trust pursuant to U.S.S.G. § 3B1.3:
 
 
 4
 If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.
 
 
 5
 U.S.S.G. § 3B1.3.
 
 The Application Note to § 3B1.3 explains:
 
 6
 "Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this enhancement to apply, the position of trust must have contributed in some significant way to facilitating the commission or concealment of the offense....
 
 
 7
 U.S.S.G. § 3B1.3, comment. (n. 1).
 
 
 8
 "Special skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts.
 
 
 9
 U.S.S.G. § 3B1.3, comment. (n. 2).
 
 
 10
 Interpretation of the term "position of trust" is a legal question subject to de novo review. United States v. Boyle, 10 F.3d 485, 489 (7th Cir.1993). The district court's determination of whether a defendant occupied a position of trust is a question of fact reviewed for clear error. Id.
 
 
 11
 We conclude that Serfling held a position of trust and that his abuse of that position significantly facilitated his crimes. As the district court correctly found, Serfling committed his crimes by "pos[ing] as a highly successful trader, willing to act as an agent, and in some cases as a general partner for the victims." He solicited funds by representing that he would invest his clients' funds, but instead he deposited the money into his own accounts and then spent it. His clients granted him great discretion in investing the funds. This discretion allowed Serfling to accomplish his scheme. This was an abuse of trust. See United States v. Stewart, 33 F.3d 764, 768-69 (7th Cir.1994) (licensed insurance broker committed an abuse of trust when he used position to induce funeral directors to act as his agents for purposes of selling annuities to elderly clients; defendant converted funds to his own use).
 
 
 12
 Serfling responds that because he was not a licensed broker at the time of the offense, he could not be in a position of trust. It is true that the National Futures Association had enjoined Serfling from trading commodity futures contracts and from soliciting money from customers. But Serfling ignored this injunction and represented himself to customers as a licensed broker. It is from his victims' viewpoint that the question of position of trust is determined. United States v. Hathcoat, 30 F.3d 913, 919 (7th Cir.1994). From this angle, Serfling was a licensed trader who undertook to invest and oversee their investments. Under these facts, Serfling held a position of trust. See also U.S.S.G. § 3B1.3, comment. (n. 2) (for purposes of 3B1.3 enhancement, a person holds special skills if the "skill [is] not possessed by members of the general public and usually requiring substantial ... licensing.").
 
 
 13
 Serfling also asserts that assessing a two-level enhancement for abuse of trust results in impermissible double-counting since the fraud he committed was itself an abuse of trust. It is true that where an "abuse of trust is a necessary element of the crime, a court may not employ an enhancement for the same factor. To do so would be double-counting." United States v. Sinclair, 74 F.3d 753, 763 (7th Cir.1996). But here Serfling's offenses of conviction do not contain an element of abuse of trust. Nor is abuse of trust accounted for in the offense level, which is determined by fraud guidelines. Therefore, Serfling's enhancement does not result in impermissible double counting.
 
 B. Obstruction of Justice
 
 14
 The district court also enhanced Serfling's offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1:
 
 
 15
 If the defendant willfully obstructed or impeded or attempted to obstruct or impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 16
 U.S.S.G. § 3C1.1.
 
 
 17
 This court reviews the district court's factual determination of obstruction of justice for clear error, United States v. Francis, 39 F.3d 803, 811 (7th Cir.1994), giving great deference to the district court's sentencing determinations. United States v. Hickok, 77 F.3d 992, 1007 (7th Cir.1996).
 
 
 18
 In this case, the prosecution presented evidence to the district court that Serfling lied to an FBI agent who was investigating a complaint made by one of Serfling's clients, Mr. Mudge. During a telephone conversation with Serfling concerning Mr. Mudge's missing money, Serfling told the FBI that he would be returning to the trading floor in a matter of minutes, when in fact his license to trade had already been removed. He also said that it was the National Future Association's fault that Mudge did not have his money because it had frozen Serfling's accounts, and that Mudge's money was safe in an interest-bearing escrow account. In fact the money was long gone.
 
 
 19
 Initially, Serfling argues that these statements were not necessarily false but were instead merely a denial of guilt. Where a defendant affirmatively provides false and misleading information, however, that is more than a mere denial of guilt. United States v. Stevenson, 6 F.3d 1262, 1269 (7th Cir.1993) (enhancement appropriate where arrested drug defendant gave false name and attempted to mislead agent by falsely claiming that a car in his yard belonged to a cousin).
 
 
 20
 The district court also overruled Serfling's objection to the obstruction of justice enhancement finding that:
 
 
 21
 [Serfling's] intention when he made these representations or statements was to obstruct the progress of the investigation and to impede it and mislead the investigators....
 
 
 22
 Serfling's assurances that Mudge's money was safe caused the FBI to halt its initial investigation of Serfling. Thus, Serfling's misstatements to the FBI agent actually obstructed the administration of justice. Accordingly, the district court did not err in assessing a two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1, Application Note 3(g) (permitting 3C1.1 enhancement where defendant makes "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense"); see also Francis, 39 F.3d at 812 (an obstruction of justice enhancement is appropriate where a defendant provides a law enforcement officer materially false statements that significantly obstructed or impeded the official's investigation of the instant offense).
 
 
 23
 For the foregoing reasons, we AFFIRM.